UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA MURRAY,

      Plaintiff,

vs.                                                                        Case No. 8:10-CV-2129-T-27EAJ

HILLSBOROUGH COUNTY, FLORIDA,

      Defendant.

_____/

## ORDER

BEFORE THE COURT is Defendant's motion for summary judgment (Dkt. 18), to which

Plaintiff has responded in opposition (Dkt. 36). Because there are genuine issues of material fact,

the motion is DENIED.

In this employment discrimination action, Plaintiff alleges that her probation period was

extended and she was ultimately dismissed due to her gender (Count I), her association with her

disabled mother (Count III), and in retaliation for complaining about various acts of discrimination

(Count IV). Plaintiff also alleges that she was subjected to severe and pervasive sexual harassment

(Count II). The County responds that the adverse employment actions were due to Murray's

extensive absences and her behavior, and that Murray failed to report the harassment in accordance

with the County's sexual harassment policy.

Murray has come forward with sufficient evidence to support a circumstantial case of gender

discrimination under the *McDonnell Douglas* framework. Apart from the elements conceded by the

County, there is evidence that similarly-situated men were treated differently. Specifically, Matthew

Jones, a man who had a poorer attendance record than Murray, was not held in probationary status.

And although the Hillsborough County Civil Service Rater Handbook provided that a "marginal" attendance rating was only to be given where the "employee has been coached and/or reminded on more than one occasion regarding his/her attendance," Murray was never counseled about her attendance. (Dkt. 25-1 at 17). There is evidence, however, that Jones received the required counseling. (Dkt. 24-2 at 24). Further, the record contains evidence that Murray was qualified despite her absences. The bulk of Murray's absences were properly scheduled and approved by the County. Under the County's policy in the Rater Handbook, these were legitimate absences which should not have been considered in evaluating the attendance dimension of her job performance. And the marks Murray received, when averaged according to apparent County policy, were sufficient to permit her advancement to a permanent employee.

While the County proffered legitimate reasons for holding Murray in probationary status and ultimately dismissing her, there is evidence that those reasons were pretext. Murray was initially given high marks for attendance, but Rebeckah Sanchez, Manager of the Public Works Department, physically altered her evaluation to change her attendance marks to a poor rating. Sanchez admitted that this was done to keep Murray in probationary status. But, as discussed, Murray never received the required counseling, and the majority of her absences were properly scheduled and approved. There is also evidence that Sanchez altered another woman's attendance evaluation, but she did not modify the attendance evaluations of any men.

Although the County relies on Murray's behavior as an additional ground for her dismissal, it has not pointed to any records documenting any behavioral issues. Nor is such a claim supported by Murray's evaluations. Each evaluation gave her high marks in various behavior-related categories, and none offered any negative comments. While Sanchez did testify about specific incidents, Sanchez never altered Murray's evaluation to reflect these incidents. Murray averred that several of

2

the incidents never occurred and that others were not accurately described by the County.

Finally, there is evidence that no women had been hired for Murray's position during Sanchez's tenure as department manager. It was not until Sanchez was on vacation that Murray and another woman were hired. Murray avers that Sanchez told her that "it was a 'man's world' in the field" and that she was unlikely to make it with the County. The record evidence, taken in the light most favorable to Murray, is sufficient to support a circumstantial case of discrimination.

Murray has also submitted sufficient evidence to support her claim for sexual harassment (Count II). Murray averred that while on Lutrell Jackson's crew, she endured harassment on a daily basis, which included Jackson grabbing his genitals in front of her and making overt sexual remarks. There is evidence that the harassment was so severe that, after Murray complained, her supervisors removed her from Jackson's crew and informed her that she would not have to work with Jackson again. But later, Sanchez returned Murray to Jackson's crew, despite her protests. It was at this point that Jackson held a banana to his crotch and told her, "I'm going to fuck you." Under the circumstances, the County failed to show conclusively that the harassment was not "sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010).

The County also failed to establish its *Faragher/Ellerth* affirmative defense. Although the County contends that Murray did not report the harassment to Human Relations or the Public Responsibility Section, there is evidence that Murray reported the daily harassment to her supervisors. There is also evidence that Sanchez was aware of the banana incident and that, in a meeting, Murray informed her of the details of the incident. The plain language of the County's harassment policy allowed employees to report incidents to "their supervisor, Department Director,

the Public Responsibility Section of the Consumer Protection and Professional Responsibility Agency or the Professional Responsibility Hotline." (Dkt. 19 at 110). The policy further provided that "[s]upervisors or managers who receive a report of protected status harassment must inform the Professional Responsibility Section." (*Id.*). Yet, Sanchez admitted that she failed to report the banana incident to PRS. On this record, the County has not established that Murray failed to take advantage of the preventative or corrective opportunities provided by her employer. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Accordingly, the County is not entitled to summary judgment on its *Faragher/Ellerth* defense.

Murray's claim for associational discrimination under the ADA (Count III) is by far her weakest claim. Notwithstanding, there is evidence that Sanchez changed Murray's attendance evaluation immediately after learning that Murray had requested leave to be with her disabled mother. As Sanchez admitted, the changed evaluation resulted in Murray being held in probationary status. The short time between the request and the adverse employment action supports an inference that Murray was discriminated against because of the known disability of her mother. *See Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000). And, as discussed, there is considerable evidence that the County's proffered reasons were pretext.

Murray's retaliation claim (Count IV) also survives summary judgment. Murray has pointed to record evidence showing that she made complaints of the harassment and discrimination, and that Sanchez was aware of her complaints. The close temporal proximity between the complaints and adverse employment actions supports an inference that the events were causally-related. *See id.* Further, there is evidence that the reasons the County gave for holding Murray in probationary status and dismissing her were pretext.

Although summary judgment is improper, Murray's case is by no means strong. The County

5

presented ample evidence to support its contention that Murray's behavior and absences were the cause of her dismissal, rather than the discriminatory reasons she has advanced. But summary judgment is not the proper place to assess the credibility of witnesses or to resolve conflicts in the evidence. Because there are unresolved issues of fact, Murray's claims survive summary judgment.

### Conclusion

Accordingly, the County's motion for summary judgment (Dkt. 18) is DENIED.

**DONE AND ORDERED** this ___19th___ day of December, 2011.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record