# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DONNA MURRAY,

    Plaintiff,

vs.                                  Case No.: 8:10-CV-2129-T-EAJ

HILLSBOROUGH COUNTY,

    Defendant.
_____/

## ORDER

Before the Court are Defendant's **Motion for Remittitur or Alternatively, for a New Trial** (Dkt. 88) and Plaintiff's **Response** (Dkt. 92). For the reasons explained below, Defendant's motion is denied.

## Background

Plaintiff filed the present suit alleging that while she was employed by Defendant, she was sexually harassed (Count II) and subjected to one or more adverse employment actions because of her gender (Count I), her relationship to a disabled person (Count III), and/or her complaints of discrimination and harassment (Count IV). Following a trial, the jury in this case found for Plaintiff as to Counts II-IV. The jury awarded Plaintiff $85,000 in past net lost wages and benefits, $75,000 in future net lost wages and benefits, and $100,000 in emotional pain and mental anguish.

Defendant's motion seeks to reduce the jury's award of past lost wages and benefits to $19,905.60, the award of future lost wages to $0, and the award for emotional distress to $20,000. Alternatively, Defendant asks that the Court order a new trial. Plaintiff responds that the jury's award of damages is supported by the evidence and that Defendant's motion should be denied.

**Discussion**

On motion, a court may grant a new trial on all or some of the issues. Fed. R. Civ. P. 59(a)(1). A court may grant a new jury trial for any reason that a new trial has previously been granted in an action at law in federal court. Fed. R. Civ. P. 59(a)(1)(A). A party may seek a new trial on the grounds that the verdict is against the weight of the evidence, the damages award is excessive, or the trial was not fair to the moving party. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940). In ruling on a motion for a new trial, the court should determine whether the verdict is against the clear weight of the evidence or whether it will result in a miscarriage of justice. Ins. Co. of N. Am. v. Valente, 933 F.2d 921, 922-23 (11th Cir. 1991). The court should not substitute its judgment for that of the jury, id. at 923, and a new trial on damages should be granted only when the verdict is so excessive as to shock the conscience of the court, Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1447 (11th Cir. 1985).

If the court finds that the jury's award of damages is excessive, the court may order a new trial. Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 (11th Cir. 1999). Alternatively, the court can enter a remittitur order reducing the damages to the highest amount supported by the evidence. Goldstein, 758 F.2d at 1448. In considering a motion for remittitur, a court should not substitute its judgment for the jury's where there is sufficient evidence in the record to support the award. Moses v. K-Mart Corp., 905 F. Supp. 1054, 1057 (S.D. Fla. 1995), aff'd, 119 F.3d 10 (11th Cir. 1997) (table decision).[1] If a remittitur order is entered, a plaintiff must be given the option of

---

[1] Defendant submits that the standard for determining whether a damages award is excessive is in part governed by Florida Statute § 768.74 because Plaintiff brought claims pursuant to both the federal and Florida civil rights acts. Because the jury's damages award is supported by the evidence and not indicative of passion or prejudice, the resolution of the present motion is the same under either federal or Florida law. Thus, the Court need not discuss the Florida standard for remittitur.

a new trial in lieu of remitting a portion of the jury's award. Johansen, 170 F.3d at 1329.

1. **Lost Wages and Benefits**

The jury awarded Plaintiff $85,000 in past net lost wages and benefits to the date of trial. Plaintiff's starting hourly rate was $9.57. Multiplying her starting hourly rate by eighty hours per pay period and twenty-six pay periods per year yields an annual salary of $19,905.60. Considering that approximately four years and four and a half months elapsed from the date of Plaintiff's termination to the date of the trial, Plaintiff experienced nearly $87,000 in lost wages alone (not counting benefits). This figure is in line with the jury's back pay award. Moreover, Plaintiff presented evidence indicating that her hourly rate could have been raised to $10.69 after she obtained a commercial driver's license, which could have increased her back pay award to almost $97,000.

The jury also awarded Plaintiff $75,000 in future net lost wages and benefits. According to Defendant, the front pay award suggests that the jury found that Plaintiff would have worked for Defendant for approximately four years beyond the date of the verdict.

Defendant submits that, in light of Plaintiff's problematic tenure working for Defendant and her behavior issues, it was unreasonable for the jury to conclude that Plaintiff would have worked for Defendant for another eight years. Defendant also contends that the damages award does not account for Plaintiff's failure to mitigate her damages by seeking other employment or for any amounts that Plaintiff earned between the date of her termination and the date of the trial. Further, because the total award for lost wages and benefits is more than ten times larger than the $15,728.30 in gross wages that Plaintiff earned during her nine months working for Defendant, Defendant

submits that the jury's verdict was intended to be punitive in nature.[2] As a result, Defendant asks the Court to order a new trial or reduce Plaintiff's back pay award to one year's salary ($19,905.60) and her front pay award to $0.

At trial, Defendant presented evidence indicating that Plaintiff exhibited problems with attendance and episodes of inappropriate behavior, including, inter alia, an outburst over an incorrect paycheck and a refusal to face her supervisor during a meeting. (Def's Ex. 3) On the other hand, Plaintiff presented evidence indicating that she did not have problems at work, including testimony from her supervisors and coworkers. Plaintiff received an overall rating of exceptional on her midterm evaluation, including an outstanding rating for attendance and exceptional ratings in interpersonal relations, teamwork, and job effort. (Plf's Ex. 1-2) On her second evaluation in July 2007, Plaintiff was rated as exceptional in multiple categories, including interpersonal relations, rule conformance, teamwork, following directions, and job effort. (Plf's Ex. 3, 5) And in the same evaluation, a supervisor stated that Plaintiff was friendly and would develop into an asset for her team. (Id.)

Additionally, the jury heard evidence regarding whether Plaintiff failed to properly mitigate her damages by seeking other employment opportunities with Defendant, and Plaintiff testified about her subsequent earned income and employment as a ranch hand. Defendant was given a full opportunity to cross-examine Plaintiff about her mitigation efforts. There is a reasonable basis in

---

[2] Defendant also argues that Plaintiff is not entitled to an award of future lost wages because she has not demonstrated that her injuries narrowed the range of economic opportunities available to her or that her injuries diminished her ability to make a living. However, the case on which Defendant relies, Richardson v. Tricom Pictures & Prods., Inc., is distinguishable as the jury in that case found that the plaintiff did not suffer emotional distress, and the plaintiff was able to find two comparable, higher-paying jobs after her employment with the defendant ended. 334 F. Supp. 2d 1319 (S.D. Fla. 2004), aff'd, 183 F. App'x 872 (11th Cir. 2006) (per curiam) (unpublished).

the record for the award of both back pay and front pay. As Plaintiff states, the jury could have determined that Plaintiff would have worked for Defendant for another eight years absent Defendant's discrimination, sexual harassment, and retaliation. And as discussed above, the amount of the award is close to what would be expected given Plaintiff's hourly rate.[3]

In sum, the evidence presented is sufficient to support the amount of damages awarded by the jury for lost wages and benefits. This issue does not warrant remittitur or a new trial.

**2.     Award for Emotional Pain and Mental Anguish**

To recover more than nominal damages for emotional distress, a plaintiff must show an actual injury. See Carey v. Piphus, 435 U.S. 247, 263-64 (1978). However, damages for emotional distress need not be proven with a high degree of specificity and may be inferred from the circumstances or proved by the testimony. Ferrill v. The Parker Grp., Inc., 168 F.3d 468, 476 (11th Cir. 1999) (citation omitted). A plaintiff's testimony standing alone can support an award of compensatory damages for emotional distress if the emotional distress is sufficiently articulated and demonstrable. Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005). The standard for reviewing an award of damages for emotional harm is deferential to the fact finder because the harm is subjective, and its evaluation depends considerably on the demeanor of the witness. Ferrill, 168 F.3d at 476.

In addition to damages for lost wages and benefits, the jury also awarded Plaintiff $100,000 in compensatory damages for emotional pain and mental anguish. Defendant argues that this award was based on the jury's sympathy for Plaintiff and the anguish she experienced over her mother's

---

[3] Defendant does not challenge the submission of the future earnings question to the jury. Its proposed verdict form included an amount for item of damages. (Dkt. 58 at 3) Plaintiff's proposed verdict form included this category of damages as well. (Dkt. 64 at 3)

illness. Defendant submits that the award was motivated by a desire to penalize Defendant despite the fact that it granted Plaintiff additional leave time to spend with her ailing mother. Further, Defendant asserts that the award is speculative and not supported by objective evidence. As a result, Defendant asks that the award be remitted to $20,000.

At trial, Plaintiff testified that after she was fired by Defendant, she lost her home of ten years. She had to live out of her truck and send her children to live with family temporarily. The following Christmas, she could not afford to buy gifts for her children. Plaintiff also testified that she was unable to seek mental health treatment while she worked for Defendant because she used her vacation time to care for her terminally-ill mother. After she was fired, she could not afford mental health treatment.

Plaintiff's testimony supports the jury's compensatory damages award as she sufficiently articulated demonstrable emotional distress. Moreover, the cases cited by Defendant in support of its request for remittitur are distinguishable in that the remittitur in those cases was based on either a paucity of evidence relating to emotional distress or the presence of mitigating factors. See, e.g., Akouri, 408 F.3d at 1345-46 ("[Plaintiff] made no attempt to describe any kind of harm, mental, emotional, or otherwise."); Bernstein v. Sephora, Div. of DFS Grp. L.P., 182 F. Supp. 2d 1214, 1228-29 (S.D. Fla. 2002) (reducing a $130,500 award for emotional distress to $75,000 where the evidence of emotional distress was "fairly weak," and the plaintiff had no difficulty in securing a better-paying job after leaving the defendant's employ); Johnson v. Stone Container, 88 F. Supp. 2d 1295, 1298-99 (N.D. Ala. 2000) (reducing an award for emotional distress where the court heard "some, but no more than a bare minimum, of evidence of mental anguish at the trial"). Accordingly, it is appropriate to defer to the jury's finding on this issue, and Defendant's request for a remittitur

or a new trial is denied.

## Conclusion

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that Defendant's **Motion for Remittitur or Alternatively, for a New Trial** (Dkt. 88) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 15th day of May, 2012.

_____
ELIZABETH A JENKINS
United States Magistrate Judge