UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA MURRAY,

    Plaintiff,

vs.                                                 Case No.: 8:10-CV-2129-T-EAJ

HILLSBOROUGH COUNTY,

    Defendant.
_____/

## ORDER

Before the Court are Defendant's **Renewed Motion for Judgment as a Matter of Law as to Count IV of the Complaint** (Dkt. 90) and Plaintiff's **Response** (Dkt. 95). For the reasons explained below, Defendant's motion is denied.

## Background

Plaintiff filed the present suit alleging that while she was employed by Defendant, she was sexually harassed (Count II) and subjected to one or more adverse employment actions because of her gender (Count I), her relationship to a disabled person (Count III), and/or her complaints of discrimination and harassment (Count IV). Plaintiff's claims were tried before a jury, and at the close of its case-in-chief, Defendant moved for judgment as a matter of law as to Counts I and IV.[1] The Court denied the motion and submitted the case to the jury. The jury found for Plaintiff as to Counts II-IV. Following the trial, Defendant timely renewed its motion for judgment as a matter of

---

[1] Plaintiff argues that Defendant has waived its right to file a renewed motion for judgment as a matter of law because Defendant did not renew its motion at the close of Plaintiff's rebuttal case. However, Rule 50 was amended in 2006 to permit renewal of any Rule 50(a) motion for judgment as a matter of law and to delete the requirement that a Rule 50 motion be made at the close of all the evidence. Fed. R. Civ. P. 50 advisory committee's note to the 2006 amendments. Therefore, Defendant did not waive its right to renew its motion for judgment as a matter of law.

law as to Count IV.[2]

Plaintiff's retaliation claim alleged that she was subject to one or more adverse employment actions because of her complaints of discrimination and harassment. The jury found that Plaintiff was subject to adverse employment action because she engaged in a protected activity (Dkt. 82). The jury also found that Defendant failed to prove that it would have taken an adverse employment action for reasons other than the protected activity.

Defendant's motion challenges the sufficiency of the evidence with respect to two adverse employment actions: Defendant's decision to extend Plaintiff's probation and its decision to fire Plaintiff.[3] Defendant concedes that Plaintiff met her burden of establishing a prima facie case of retaliation. And at trial, Defendant proffered legitimate, nondiscriminatory reasons for taking the adverse employment actions. However, Defendant contends that Plaintiff failed to meet her burden to show that Defendant's proffered reasons were a pretext. Additionally, Defendant argues that the evidence was insufficient for a reasonable jury to conclude that Plaintiff would not have been terminated absent the protected activity.

## **Discussion**

Judgment as a matter of law is appropriate if a reasonable jury would not have a legally

---

[2] A renewed motion for judgment as a matter of law must be filed no later than twenty-eight days after entry of judgment. Fed. R. Civ. P. 6(b)(2), 50(b). Here, Defendant filed its renewed motion for judgment as a matter of law ten days after entry of judgment (Dkt. 86, 90); the motion is therefore timely.

[3] Based on the verdict, it is not clear what specific adverse action the jury found that Defendant took against Plaintiff (Dkt. 82). However, the Court's instructions to the jury stated that for purposes of this case, adverse employment action means "that Plaintiff was fired, had her probation extended, or was treated worse in the terms and conditions of her employment." (Dkt. 79 at 7).

sufficient evidentiary basis to find for the nonmoving party on an issue. Fed. R. Civ. P. 50(a)(1). To survive a defendant's motion for judgment as a matter of law, a plaintiff must present enough evidence to allow a jury to find for the plaintiff on each and every element of a claim. See Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs, 162 F.3d 653, 659 (11th Cir. 1998). A court should draw all reasonable inferences in favor of the nonmoving party and avoid making credibility determinations or weighing the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

Plaintiff's retaliation claim is based on claims of discrimination under both Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq. Title VII and ADA retaliation claims are analyzed under the same framework. Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997).

To establish a prima facie case of retaliation under Title VII or the ADA, the plaintiff must show that she engaged in a protected activity, she suffered an adverse employment action, and there was some causal connection between the two events. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008); Collado v. United Parcel Serv., Co., 419 F.3d 1143, 1158 (11th Cir. 2005). Once a prima facie case is established, the burden of production shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action taken. Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010); Stewart, 117 F.3d at 1287. If the defendant articulates a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the defendant's reason is a pretext for retaliation. Brown, 597 F.3d at 1181-82; Stewart, 117 F.3d at 1287. A plaintiff may establish pretext by showing that a discriminatory reason more likely motivated the defendant or that the defendant's proffered nondiscriminatory reason is unworthy of

3

credence. Carter v. City of Miami, 870 F.2d 578, 584 (11th Cir. 1989).

Under the "mixed-motive" defense, a defendant may avoid liability if it can prove that it would have made the same employment decision even in the absence of the alleged bias. Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001). With respect to an adverse employment action, if a decision maker conducts an evaluation and makes an independent decision, the decision may be free from the taint of bias by a subordinate employee. Id. at 1270. However, if a subordinate employee performs an act motivated by bias and intended to cause the adverse employment action, and if that act is a proximate cause of the adverse employment action, the defendant may be liable. See Staub v. Proctor Hosp., 131 S. Ct. 1186, 1194 (2011).

### 1. Extension of Plaintiff's Probation

Plaintiff worked for Defendant from February 2007 to November 2007. During her employment with Defendant, Plaintiff was assigned to the East Service Unit of the Transportation Maintenance Division. Rebeckah Sanchez was the manager of the East Service Unit. (Def's Ex. 1) Defendant's policy was to place new employees on an initial probationary period, which generally lasted six months. (Joint Ex. 3) In August 2007, Sanchez decided to extend Plaintiff's initial probation. At trial, Sanchez testified that she extended Plaintiff's probation because of Plaintiff's behavior problems and poor performance and attendance. Defendant submits that there is insufficient evidence in the record for a reasonable jury to conclude that these reasons were a pretext.

Plaintiff presented evidence indicating that she did not have problems at work, including testimony from her supervisors and coworkers. Plaintiff received an overall rating of exceptional on her May 2007 midterm evaluation, including exceptional ratings in interpersonal relations, teamwork, job effort, and safety awareness. (Plf's Ex. 1-2) On her second evaluation in July 2007,

4

Plaintiff was rated as exceptional in the same categories. (Plf's Ex. 3, 5) And in the same evaluation, a supervisor stated that Plaintiff was friendly and would develop into an asset for her team. (Id.)

Defendant presented evidence indicating that Plaintiff exhibited problems with attendance and episodes of inappropriate behavior, including, inter alia, an outburst over an incorrect paycheck, a refusal to face her supervisor during a meeting, inappropriate use of a cellular phone at work, and a refusal to perform certain tasks. (Def's Ex. 3). As to her attendance, Plaintiff received an outstanding rating for attendance on her May 2007 midterm evaluation. (Plf's Ex. 1-2) In June 2007 she used approximately six hours of "floating holiday" leave time and six and a half hours of sick leave time that were accompanied by a doctor's note. (Plf's Ex. 10; Def's Ex. 2) In July 2007, Plaintiff requested time off to be with her terminally ill mother as she was dying (Dkt. 79 at 5), and she missed about seventeen hours of work that month, some of which were excused by a doctor's note. (Plf's Ex. 10; Def's Ex. 2) In August 2007, Plaintiff missed about eighty hours of work because she underwent gall bladder surgery. (Id.) And from September 2007 to November 2007, Plaintiff missed about six hours of work. (Id.)

Viewing the evidence in the light most favorable to the nonmoving party, there is sufficient evidence to show pretext – that Plaintiff did not have behavior or performance problems at work. And although Plaintiff used significant leave time, most of her leave time was for medical reasons and her request for time off of work to be with her dying mother. Defendant's employment policies prohibit approved sick leave from being considered when evaluating an employee's attendance. (Joint Ex. 3) The jury could have reasonably rejected Sanchez's testimony that Plaintiff's probation was extended because of behavior, performance, and attendance problems. Disbelief of Defendant's

5

proffered nondiscriminatory reasons for the adverse employment action, together with a prima facie case of retaliation, is sufficient to support a finding for Plaintiff on this issue. See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999). Defendant's request for judgment as a matter of law on this issue is denied.

**2.      Plaintiff's Termination**

As the director of the Transportation Maintenance Division, John Newton made the final decision to terminate Plaintiff's employment. (Joint Ex. 14) Before terminating Plaintiff, Newton met with her. (Plf's Ex. 11) Newton testified that he discussed Plaintiff's concerns with Sanchez who told him that some of Plaintiff's complaints were unfounded. As a result, Newton lost trust in Plaintiff. After speaking with Sanchez, Newton concluded that Plaintiff was disruptive in the workplace. Based on the loss of trust and his belief that Plaintiff was disruptive, Newton made the decision to fire Plaintiff.

Defendant contends that a reasonable jury could not have found that Newton's reasons for terminating Plaintiff were a pretext or that Plaintiff would not have been fired for reasons other than her protected activity. However, Newton's decision to terminate Plaintiff was based largely on input from Sanchez and her assertions that Plaintiff had behavior, performance, and attendance issues. The jury was not required to credit anyone's testimony, including that of Newton or Sanchez. Notably, on October 22, 2007, Plaintiff asked to be reassigned from the patch crew due to alleged harassment by her supervisor. (Plf's Ex. 22) Newton testified that he was aware of Plaintiff's complaints regarding the patch crew. In September 2007, Plaintiff filed a written grievance with Defendant, and Newton met with Plaintiff twice in late October 2007 to discuss her grievance. (Plf's Ex. 11) The temporal proximity of Plaintiff's complaints to Defendant's decision to terminate her

can be evidence of pretext. See Farley, 197 F.3d at 1337. A reasonable jury could have concluded that Defendant's stated reasons for terminating Plaintiff were a pretext and that Newton's decision was tainted by the bias of a subordinate employee. Consequently, judgment as a matter of law is not warranted.

### Conclusion

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that Defendant's **Renewed Motion for Judgment as a Matter of Law as to Count IV of the Complaint** (Dkt. 90) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 15th day of May, 2012.

ELIZABETH A JENKINS
United States Magistrate Judge